EBENEZER WORMOUTH v. PETER GARDNER, MA- | 35  227| THEW BEVERE, AND MATTHEW RYCHARD. | 82  482|

IMPEACHING SETTLED STATEMENT.—A motion to correct a statement or exceptions, is an original proceeding in the Supreme Court, and must be instituted by a petition in writing, which petition should be presented with the record, and the application made before the case is submitted.

IDEM.—A party cannot incorporate in his transcript ex parte affidavits, impeaching the statement, and after the final submission of the case, bring the question before the Supreme Court for the first time in his brief.

APPEAL from the District Court, Seventh Judicial District, Marin County.

The plaintiff, on the 6th day of March, 1866, recovered

judgment against the defendant Gardner for the sum of three hundred and thirty-two dollars and thirty-six cents. A nonsuit was granted as to the other defendants. The defendant Gardner moved for a new trial and filed a statement, to which amendments were proposed by the plaintiff. The Judge settled the statement by allowing some of the amendments. The defendant then moved the Judge to resettle the statement and reject some of the amendments allowed, and based the motion on the papers in the case and on affidavits filed. The Judge denied the motion. The defendant appealed, and printed in the transcript the settled statement, and the notice of motion before the Judge below to resettle the statement, and the affidavits and papers used on the hearing, and the order denying the motion. In his brief he submitted the whole question without any motion in the Supreme Court to correct the settled statement.

Peter Gardner, in pro per., for Appellant.

Bradley Hall, for Respondent.

By the Court, SANDERSON, J.:

If the appellant was not satisfied with the action of the Court below in settling the statement on motion for a new trial, and desired to correct the same in this Court, as provided in section one hundred and eighty-nine of the Practice Act, he should have presented a petition for that purpose before the final submission of the case. He cannot be allowed to incorporate in his transcript ex parte affidavits impeaching the statement, and, after the final submission of the case, bring the question before us for the first time in his brief.

A motion to correct a statement or exceptions, where the Court below refuses to make the same conform to the facts, is an original proceeding in this Court, and must be instituted by a petition in writing, setting forth at length the

exceptions which were taken at the trial and not allowed by the Judge, and so much of the evidence as may be necessary to illustrate them. The petition should be presented with the record, and the application made before the case is submitted.

The fact that this Court has not as yet prescribed any rules for the government of such proceedings, does not relieve a party from the necessity of inaugurating them in the manner dictated by the statute. In the absence of any general rules, this Court will, upon the presentation of the petition, take such action as it may deem advisable for the purpose of giving effect to the statute.

Upon the statement, as settled by the Judge below, the motion for a new trial was properly denied.

Order affirmed.

Mr. Justice RHODES expressed no opinion.